NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY


| | | |
|---|---|---|
| DANA JOHN GALLAGHER, | : | |
| | : | Civil Action No. 13-5751 (SDW) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DET. COREY KARAS, et al., | : | |
| | : | |
| Defendants. | : | |


**APPEARANCES:**

    DANA JOHN GALLAGHER, Plaintiff pro se
    # 272531
    Hudson County Correction Center
    35 Hackensack Avenue, DW3
    Kearny, New Jersey 07032

**WIGENTON**, District Judge

    Plaintiff, Dana John Gallagher, a state inmate confined at the Hudson County Correction Center in Kearny, New Jersey, at the time he filed this Complaint, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence and prison account statement, the Court will grant Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint accordingly.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief

from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed with prejudice for failure to state a claim.

## I. BACKGROUND

Plaintiff, Dana John Gallagher ("Plaintiff"), alleges that on June 21, 2013, he left his friend's store at 400 F.E. Rodgers Boulevard and started to jog four blocks when Defendant Detective Cory Karas drove next to Plaintiff and asked about Plaintiff's residence. When Plaintiff replied that he was from Newark, Det. Karas got out of his vehicle. Plaintiff states that Det. Karas never identified himself as a police officer, so being in fear for his life, Plaintiff began to run. Det. Karas gave chase. Plaintiff was apprehended and arrested on charges of burglary, possession of drugs, obstruction and resisting arrest. Plaintiff alleges that he was arrested without probable cause in violation of his constitutional rights. (ECF No. 1, Complaint at ¶ 4b; ECF No. 1-1, Facts and Allegations.)

Plaintiff attaches to his Complaint the police report detailing this incident. (ECF No. 1-1.) Notably, the police report shows that Det. Karas received a dispatch about a burglary at 401 North 5th Street, and he proceeded to the scene. As he approached Frank E. Rodgers Boulevard, Det. Karas observed a man in full sprint running towards the Stickle Bridge, which connects Harrison with the City of Newark. Believing the man to be the burglary suspect, Det. Karas pulled alongside the man, identified himself as a police officer, and asked the man if he lived in the area. The man replied he lived in Newark. As Det. Karas stopped and exited his vehicle, the man started running, jumping over fences to elude Det. Karas, who was in foot pursuit after the suspect. Eventually, Det. Karas and other officers apprehended the suspect, and placed him under arrest. The police report notes that Judge McNamara granted probable cause and set bail at $50,000. (*Id*. at 3, 5.)

Plaintiff also alleges that Defendant John T. Osterkorn, Supervising Officer at the Harrison Police Department, violated Plaintiff's constitutional rights by "sign[ing] off on discovery full of contridictions [sic] and lies." (ECF No. 1, Compl. at ¶ 4c.) Plaintiff further names Harrison Township as a Defendant in this matter as the employer of both Defendants Det. Karas and Officer Osterkorn. Finally, Plaintiff alleges that Harrison Municipal Court Judge McNamara is liable because he found probable cause and set Plaintiff's bail. (*Id*.)

Plaintiff seeks monetary damages of $500,000 from each named Defendant. He also asks that his state criminal charges be dismissed. (*Id*., ¶ 7.)

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. Specifically, the PLRA directs the district court to screen the complaint for cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to

3

show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal*, 556 U.S. at 676). *See also Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) ("The touchstone of the pleading standard is plausibility. ... "[A]llegations that are no more than conclusions are not entitled to the assumption of truth; ... [a court should] "look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly give rise to an entitlement to relief.'") (citations omitted). In short, "[a] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Iqbal*, 556 U.S. at 678-79). Thus, while pro se pleadings are liberally construed, *Higgs v. Atty. Gen.*, 655 F.3d 333, 339 (3d Cir. 20011), "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). Nonetheless, courts must be cognizant that the *Iqbal* standard "is not akin to a probability requirement." *Covington v. International Association of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679).

### III.  SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation

4

was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## IV. DISCUSSION

### A. False Arrest and Imprisonment Claim

It appears from the allegations in the Complaint that Plaintiff is asserting a claim of false arrest and imprisonment against all Defendants, and in particular, Det. Karas. To state a claim for false arrest under the Fourth Amendment, Plaintiff must establish: (1) that there was an arrest and (2) that the arrest was made without probable cause. *James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *O'Connor v. City of Philadelphia*, 233 F. App'x 161, 164 (3d Cir. 2007) (citing *Groman v. Township of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995)); *see also Adams v. Officer Eric Selhorst*, 449 F. App'x 198, 201 (3d Cir. 2011) (per curiam). "Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (citation omitted); *see also Minatee v. Phila. Police Dep't.*, 502 F. App'x 225, 228 (3d Cir. 2012) (citation omitted). The arresting officer must only reasonably believe at the time of the arrest that an offense is being committed, a significantly lower burden than proving guilt at trial. *See Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005); *see also Minatee*, 502 F. App'x at 228 (citation omitted). Thus, the presence of probable cause would defeat these federal Constitutional claims of false arrest and imprisonment. *See Revell v. Port Auth. of New York, New Jersey*, 598 F.3d 128, 137 n. 16 (3d Cir. 2010) (citation omitted).

In this case, the Complaint admits, and the police report documents, that there was a finding of probable cause by Judge McNamara immediately after Plaintiff's arrest. Moreover, the facts and circumstances of the incident, as discussed above in this Opinion, plainly establish that Det. Karas had a reasonable belief that Plaintiff had committed the burglary he was investigating, given Plaintiff's location and flight, thus establishing probable cause for Plaintiff's apprehension. Therefore, the Complaint is dismissed with prejudice, in its entirety, as against all Defendants, for failure to state a cognizable claim for relief under § 1983.

B. Judicial Immunity

In addition, the Complaint must be dismissed with prejudice as against Defendant Judge McNamara pursuant to the doctrine of judicial immunity. "It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Furthermore, "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Id*. at 359. *See also Abulkhair v. Rosenberg*, 457 F. App'x 89 (3d Cir.2012) (holding that "'[Plaintiff's] allegations of bad faith [and] malice' cannot overcome [judicial] immunity." (quoting *Mireles*, 502 U.S. at 11)); *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2000) (holding that "an act does not become less judicial by virtue of an allegation of malice or corruption of motive," or that such act is "unfair" or "controversial").

Judicial immunity also extends to suits brought under 42 U.S.C. § 1983. *See Pierson v. Ray*, 386 U.S. 547, 553–55 (1967). "[Judicial] immunity is overcome in only two sets of

circumstances." *Mireles*, 502 U.S. at 11–12.  "First, a judge is not immune from liability for nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity." *Id*.  In determining whether an act qualifies as a "judicial act," courts looks to "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362.  "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.

In this case, Plaintiff appears to allege that Judge McNamara wrongly determined that probable cause existed for Plaintiff's arrest.  He also may be claiming that his bail was excessive.  Based on these allegations, it is plain that Judge McNamara's action with regard to Plaintiff was performed in his judicial capacity and within jurisdiction.  Therefore, the Complaint must be dismissed with prejudice as to this defendant.

## V. CONCLUSION

For the reasons set forth above, the Complaint is dismissed with prejudice, in its entirety as against all named Defendants, for failure to state a cognizable claim under 42 U.S.C. § 1983, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1).  The Complaint also is dismissed with prejudice, as against Defendant Judge McNamara, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(iii) and 1915A(b)(2).  An appropriate order follows.


  *s/ Susan D. Wigenton*
  SUSAN D. WIGENTON
  United States District Judge

Dated: April 24, 2014